UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HOWARD JACKSON                                                                       PLAINTIFF

V.                                           CIVIL ACTION NO. 3:23-CV-296-KHJ-LGI

UNITED PARCEL SERVICE, et al.                                              DEFENDANTS

ORDER

Before the Court is Plaintiff Howard Jackson's [41] Motion for Extension of Time to Complete Discovery. Also before the Court is Defendants United Parcel Service and Scotty Carpenter's (collectively "Defendants") [42] Motion for Summary Judgment. The Court defers ruling on both motions. The Court orders Jackson to file an amended affidavit that complies with Federal Rule of Civil Procedure 56(d) by May 31, 2024.

Jackson filed this employment discrimination lawsuit on May 8, 2023. *See* Compl. [1]. Roughly four months later, the magistrate judge entered a Case Management Order with case-related deadlines. [12]. That Order notified the parties that "[a]ll discovery must be completed by[] April 23, 2024" and that "[a]ll dispositive motions . . . must be filed by[] May 7, 202[4]." *Id.* at 4–5.

On April 23, 2024, Jackson moved for more time to complete discovery. *See* [41]. Jackson explained:

> On March 20, 2024 the parties engaged in a mediation which resulted in settlement of plaintiff's workers['] compensation claim but the liability claim was not resolved. On April 10, 2024 there was a settlement conference conducted at the United States Courthouse by

> Magistrate Judge Isaac and after several hours of negotiations the parties did not reach an agreement on settlement, however, each side agreed to continue to work on resolving the case. . . . Several days later attorney Rafael Green, one of the attorneys for plaintiff, was contacted by telephone by a representative of UPS in Atlanta advising that UPS continues to be interested in resolving the case. Therefore, plaintiff and his counsel, believing that the case is close to settlement, have not finalized discovery and there remains several depositions to be taken by plaintiff.

*Id.* ¶¶ 2–3. Jackson "request[ed] . . . an additional 60 days to complete . . . discovery." *Id.* ¶ 4. Defendants oppose the motion. *See* Defs.' Resp. [43].

On May 7, 2024, Defendants moved for summary judgment. *See* [42]. Jackson now submits an affidavit stating that "the facts necessary to respond to [Defendants'] motion for summary judgment are not available to Jackson and further discovery is necessary in order to permit Jackson to produce facts in dispute of the allegations contained in the motion." Aff. [45] ¶ 1 (citing Fed. R. Civ. P. 56(d)(2)). Jackson argues that "[t]he only way available to Jackson to create a genuine issue of material fact is to be permitted to conduct the completion of discovery which will require the taking of several depositions." *Id.* ¶ 7.

"Rule 56(d) allows the district court to provide additional time for discovery before ruling on a motion if the nonmovant shows an inability to support its opposition factually." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422 (5th Cir. 2016) (citing Fed. R. Civ. P. 56(d)). A party filing a motion under Rule 56(d) must demonstrate "how additional discovery will create a genuine issue of material fact." *Id.* at 422–23 (quoting *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001)). "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id.* at 423 (quotation omitted). Rather, he

"must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (cleaned up).

Jackson relies on vague assertions that discovery will produce the information he needs to oppose summary judgment. *See* [45]. His affidavit does not demonstrate "how additional discovery will create a genuine issue of material fact." *Smith*, 827 F.3d at 422–23 (quotation omitted). Jackson's affidavit therefore lacks the specificity required under Rule 56(d)(2). Accordingly, the Court orders Jackson to file an amended affidavit setting forth "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicat[ing] how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quotation omitted). Jackson must submit his amended affidavit by May 31, 2024.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Court DEFERS ruling on Jackson's [41] Motion for Extension of Time to Complete Discovery and Defendants' [42] Motion for Summary Judgment. The Court orders Jackson to file an amended affidavit that complies with Federal Rule of Civil Procedure 56(d) by May 31, 2024.

SO ORDERED, this 23rd day of May, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE